| UNITED STATES DISTRICT COURT | | C/M |
|---|---|---|
| EASTERN DISTRICT OF NEW YORK | | |

---------------------------------------------------------- X
RYAN O. GITTENS,

                Petitioner,

        -against-

WILLIAM BARR, U.S. ATTORNEY
GENERAL; JEH JOHNSON, DEPARTMENT
OF HOMELAND SECURITY; and CHAD
WOLF; U.S.C.I.S., DISTRICT DIRECTOR
NEW YORK,

                Respondents,
---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

20-cv-276 (BMC)

**COGAN**, District Judge.

Petitioner *pro se* filed this instant action seeking mandamus relief pursuant to 28 U.S.C. § 1361 and the Administrative Procedure Act, ("APA"), 5 U.S.C. § 701 *et seq*. He requests that the Court compel respondents to reopen and adjudicate *nunc pro tunc* his naturalization application.[1] Because petitioner mounts an indirect challenge to his removal order, the Court lacks subject matter jurisdiction to grant him relief. The petition is therefore denied. In addition, because petitioner has repeatedly abused the federal courts by filing the same claim over and over again, he is given notice that any further abusive filings may result in an injunction prohibiting him from making any more filings in federal court without leave.

---

[1] On January 16, 2020, the Court informed petitioner that his submission was deficient because he failed to pay the $400 filing fee to commence the action or request to proceed *in forma pauperis* ("IFP"). Petitioner was provided with the IFP form and instructed that in order to proceed, he must either pay the filing fee or return the completed IFP form within 14 days. Petitioner failed to respond to the Court's letter within the 14-day period and by order dated February 12, 2020, I dismissed the action. On February 24, 2020, petitioner submitted an IFP application. Accordingly, the action is reopened and petitioner's request to proceed IFP is granted solely for the purpose of this order.

## BACKGROUND

The instant case is the latest of five cases brought in this district within the last nine years by the same *pro se* petitioner alleging the same causes of action and requesting essentially the same relief.

A citizen of Barbados, petitioner was admitted to the United States as a lawful permanent resident in 1984. He then filed an N–400 application for citizenship with the New York City district office of the Immigration and Naturalization Service ("INS"). He claims that INS mistakenly sent notice of his application interview to the wrong address in Las Vegas and that he missed his interview because of this clerical error. He alleges that INS then closed his application in 2000 without notifying him.

He was later convicted in federal court for conspiring to distribute a controlled substance in violation of 21 U.S.C. § 841(b)(1)(A) and § 846 and was sentenced to a period of imprisonment of 63 months. Gittens v. Holder, Nos. 08-cv-341, 01-cr-52, 2009 WL 2949301, at *2-3 (D. Idaho Sept. 11, 2009). Based on petitioner's conviction for an aggravated felony, an immigration judge ordered his removal and the Board of Immigration Appeals affirmed, rendering the IJ's order of removal final. Gittens v. Holder, No. 12-cv-2363, 2013 WL 839772 (E.D.N.Y. Mar. 6, 2013). Since May 20, 2013, petitioner has been awaiting deportation. See Gittens v. Holder, No. 4:12-cv-173, 2013 WL 3965452, at *3 (M.D. Ga. Aug. 1, 2013).

In the first case petitioner brought in this district, invoking 28 U.S.C. § 2241, petitioner sought an order declaring himself a United States national and an order compelling the Attorney General to adjudicate his N-400 application on its merits. Then-Chief Judge Amon dismissed the action on the ground that judicial review of a removal order lies exclusively with the

appropriate Court of Appeals. See Gittens v. Holder, No. 10-cv-849, 2011 WL 3206911, at *4 (E.D.N.Y. July 27, 2011).

In the second case, petitioner again sought adjudication of his naturalization application based on the same clerical error. However, rather than dismissing the petition, the court transferred the matter to the Middle District of Georgia because petitioner was confined within that district and had invoked the habeas statute. See Gittens v. Holder, No. 12-cv-2363, 2013 WL 839772, at *3 (E.D.N.Y. March 6, 2013). Once in Georgia, the case was consolidated with another case that petitioner had filed in that district, and the cases were then dismissed. See Gittens v. Holder, No. 12-cv-173 (M.D. Ga. June 26, 2013) (report and recommendation), adopted, (August 1, 2013); Gittens v. Holder, No. 13-cv-58 (M.D. Ga. May 30, 2013).

In the third case, the petition alleged that the court had jurisdiction to grant petitioner relief under the APA and compel USCIS to review his N-400 application on its merits. Naturally, this case was also dismissed for lack of subject matter jurisdiction. Gittens v. Holder, No. 13-cv-3020 (E.D.N.Y. July 11, 2013), app. dismissed, No. 13-2889 (2d Cir. Jan. 13, 2014).

In his fourth case, the eight-page petition submitted by petitioner was identical to the prior and instant petitions, regurgitating the same facts, case law, and legal theories. Accordingly, Chief Judge Amon dismissed the action for similar reasons. Gittens v. Holder, No. 15-cv-342 (E.D.N.Y. Oct. 20, 2015).

## DISCUSSION

At the outset, the Court must determine whether it has subject matter jurisdiction over this action. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). It does not.

The Court cannot grant petitioner a writ of mandamus because District Courts are precluded from entertaining both direct and indirect challenges to orders of removal. Delgado v.

3

Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011). Specifically, the REAL ID Act of 2005 provides that: "[A] petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal...." 8 U.S.C. § 1252(a)(5). Although petitioner styles his petition as a request for a writ of mandamus, the Court lacks subject matter jurisdiction over the action because his requested relief would invalidate the removal order. See Freire v. U.S. Dep't of Homeland Sec., 711 F. App'x 58, 59 (2d Cir. 2018); Bhatt v. Bd. of Immigration Appeals, 328 F.3d 912, 914-15 (7th Cir. 2003).

As to petitioner's APA claim, the Second Circuit has held that the bar against "indirect challenges" to orders of removal prohibits such causes of actions as well. See Singh v. U.S. Citizenship & Immigration Servs., 878 F.3d 441, 445 (2d Cir. 2018). Because "the APA does not empower courts to set aside agency actions where other statutes preclude judicial review," the REAL ID Act of 2005 "precludes judicial review of challenges to removal orders brought under the APA." Id. (quoting 5 U.S.C. § 701(a)(1)).

Finally, petitioner's invocation of the habeas corpus statute, 28 U.S.C. § 2241, does not cure this jurisdictional defect. See De Ping Wang v. Dep't of Homeland Sec., 484 F.3d 615, 618 (2d Cir. 2007) ("[T]he Real ID Act eliminated the availability of habeas corpus as a separate means of obtaining judicial review of a final order of removal.").

For these reasons, as repeatedly articulated by Judge Amon, the Court cannot compel respondents to reopen and adjudicate petitioner's N-400 application because a favorable decision on that application would *per se* invalidate his order of removal.

## **CONCLUSION**

Petitioner's petition for a writ of mandamus and relief under the APA is denied. The Clerk of Court is directed to enter judgment dismissing the petition.

Furthermore, petitioner is warned that should another of his repetitive claims come before this Court, he may be enjoined from filing any further cases in the Eastern District of New York without permission. See Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                               U.S.D.J.

Dated: Brooklyn, New York
       April 4, 2020